UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBBIE D. JORDAN,<br>    Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:20-CV-316-JEM |
| | ) | |
| KILOLO KIJAKAZI,<br>Commissioner of the<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Robbie Jordan on September 1, 2020, and Plaintiff's Opening Brief [DE 22], filed May 28, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On June 25, 2021, the Commissioner filed a response, and Plaintiff filed his reply on August 2, 2021. For the foregoing reasons, the Court remands the Commissioner's decision.

**I.    Background**

On January 12, 2018, Plaintiff filed an application for benefits alleging that he became disabled on May 12, 2017. Plaintiff's application was denied initially and upon consideration. On July 23, 2019, Administrative Law Judge ("ALJ") Leeanne Foster held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On September 3, 2019, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since March 12, 2017, the alleged onset date.

3. The claimant has the following severe impairments: cervical and lumbar degenerative disc disease, anxiety, and post-traumatic stress disorder (PTSD).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can have occasional exposure to weather, extreme cold, and wetness. He can have no exposure to unprotected heights or dangerous moving machinery. He can understand, remember, and carry out simple instructions and make simple work-related decisions. He can sustain an ordinary routine without special supervision and can tolerate occasional changes in work setting. He can have occasional interaction with coworkers and supervisors, but no interaction with the public.

6. The claimant is unable to perform any past relevant work.

7. The claimant was an individual closely approaching advanced age, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 12, 2017, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 10]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual

findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in evaluating the medical opinions of his treating therapist and the consultative examiner and erred in failing to accommodate his mental health impairments in the RFC determination. The Commissioner argues that the opinion is supported by substantial evidence.

#### A. Medical Opinions

The ALJ was required to analyze a number of factors when determining the weight to give to medical opinions in the record and to thoroughly explain the weight given the opinions. The most important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical

4

sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2). Plaintiff argues that the ALJ failed to properly analyze the opinion of the consultative examiner and the treating therapist.

The consultative examiner opined that Plaintiff "is unable to do work related activities such as sitting, standing, walking or lifting due to pain but is able to do carrying and handling objects." AR 789. He also found that Plaintiff "is able to understand with normal concentration, memory, and social interactions." AR 789. The ALJ concluded that the examiner's opinion regarding Plaintiff's ability to carry and handle objects was "not consistent with the overall evidence that showed the claimant reported some limitations with respect to his back pain" and because the doctor "noted the claimant had decreased range of motion, an antalgic gait, and he was not able to stoop and squat completely." *Id.* Because of the supposed inconsistencies, he concluded that the opinion was not persuasive.

The Court is unable to trace the logic from the physician's medical opinion to the ALJ's conclusion. The physician's statement that Plaintiff "is unable to do work related activities such as sitting, standing, walking or lifting due to pain but is able to do carrying and handling objects" appears to be *consistent* with his findings that Plaintiff had decreased range of motion, antalgic gait, an inability to stoop and squat completely, and limitations with respect to back pain, not inconsistent, as the ALJ asserted.

Rather than rely on the only examining physical medical opinion[1] in the record, the ALJ

---

[1] Dr. Gupta's opinion is incorrectly labeled as a psychology consultative examination. AR 787 (labeling exhibit 4F as "CE psychology, dated 08/08/2018, from Dr. R. Gupta, M.D."). However, it is clear from the notes in the examination that Dr. Gupta is not a psychologist or psychiatrist, but rather a physician. His examination, although mentioning Plaintiff's PTSD, focuses on Plaintiff's physical impairments and includes a range of motion examination. AR 787-91. Plaintiff refers to Dr. Gupta as the physical consultative examiner in his brief. [DE22 at 8]. Dr. Gupta is therefore the only examining medical opinion in the record that focuses on Plaintiff's physical impairment rather than solely on his mental impairments.

5

instead found the opinion of a state agency medical consultant who reviewed Plaintiff's file to be persuasive. The ALJ found that the consultant's opinion was entitled to weight because it "referred to the evidence showing the claimant has a decreased range of motion, and an antalgic gait" and "[h]is opinion is consistent with the imaging that showed the claimant had some disc degeneration and with the other objective medical findings." AR 25. Not only does the ALJ appear to disregard the fact that "[a] medical source may have a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [their] folder," 20 C.F.R. § 404.1520c(c)(3)(i)-(v); *see also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]."); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions."), but it appears that the opinions bear significant similarity, which should make the opinion of the examining physician more persuasive. 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). The ALJ has failed to "provide a 'logical bridge' between the evidence and his conclusions" about Plaintiff's physical abilities. *O'Connor-Spinner*, 627 F.3d at 618.

    B.   <u>Concentration, Persistence, and Pace</u>

Plaintiff also argues that the ALJ failed to incorporate Plaintiff's moderate limitations in

concentration, persistence, and pace into the RFC. The ALJ concluded that Plaintiff would be able to perform a number of jobs based in large part on the VE's testimony, but none of the hypothetical questions from the ALJ specifically addressed limitations in concentration, persistence, or pace.

"Again and again, [the Seventh Circuit Court of Appeals] ha[s] said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (collecting cases). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619.

The VE did not independently review the medical record in this case, and the ALJ's hypothetical questions did not include any specific mention of difficulty concentrating, persisting in a task or maintaining pace. The ALJ described a worker who: "Can understand, remember, and carry out simple instructions, and make simple work-related decisions. Can sustain an ordinary routine without special supervision, and can tolerate occasional changes in work setting. Can have occasional interaction with coworkers, and supervisors, but no interaction with the public." AR 55. Although some of these limitations may be related to difficulties with concentration, persistence, and pace, the ALJ also found that Plaintiff had moderate limitations in understanding, remembering, or applying information and in interacting with others, so the Court cannot conclude that the hypothetical adequately took all of his limitations into account. *See Winsted*, 923 F.3d at 477 ("The

7

ALJ may have thought, as the agency proposes, he was addressing Winsted's concentration difficulties by including limitations that would minimize social interaction. But that restriction could just have likely been meant to account for Winsted's moderate difficulty with social functioning."). The ALJ also asked the VE about the amount of time someone with Plaintiff's limitations could spend off task and was told that the off-task time could be between 10 and 20 percent, depending on the job, and that he could be absent no more than about one day per month after the first 90 days of employment. AR 56-57. However, the ALJ did not include any time off task in the RFC. *See Winsted*, 923 F.3d at 77 ("Notably, it appears the ALJ disregarded testimony from the VE about a person with limitations in concentration, persistence, and pace. The ALJ asked two additional hypothetical questions to the VE about an individual who would either be off task 20% of the workday or would have two unscheduled absences per month—seemingly having in mind someone with 'moderate difficulties with concentration, persistence, and pace.' The VE responded that neither individual could sustain employment. But these responses are not reflected in the ALJ's decision. Because the ALJ did not include Winsted's difficulties with concentration, persistence, and pace in the hypothetical he did consider, the decision cannot stand.").

This case is being remanded for a new RFC that fully incorporates all of Plaintiff's mental and physical limitations, as determined through adequate consideration of the medical records, and for a complete determination of what jobs, if any, are available to Plaintiff despite his limitations. The ALJ is reminded that she may obtain additional medical opinions as necessary if the medical opinions in the record are insufficient. *See, e.g., Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018) ("[t]he ALJ had many options to avoid this error; for example, he could have sought an updated medical opinion,"); *Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.").

## IV.  Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 22] and **REMANDS** this matter for further proceedings consistent with this Opinion.

SO ORDERED this 18th day of March, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record